Case 1:13-cv-03775-JSR   Document 64   Filed 10/25/13   Page 1 of 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EXPRESSIONS HAIR DESIGN, LINDA
FIACCO, THE BROOKLYN FARMACY &
SODA FOUNTAIN, INC., PETER FREEMAN,
BUNDA STARR CORP., DONNA PABST,
FIVE POINTS ACADEMY, STEVE MILLES,
PATIO.COM LLC, and DAVID ROSS,

                                    Plaintiffs,

– v. –

ERIC T. SCHNEIDERMAN, in his official
capacity as Attorney General of the State of
New York, CYRUS R. VANCE, JR., in his
official capacity as District Attorney of New
York County, CHARLES J. HYNES, in his
official capacity as District Attorney of Kings
County, and GERALD F. MOLLEN, in his
official capacity as District Attorney of Broome
County,

                                    Defendants.

---

No. 13-cv-3775 (JSR)

**STIPULATED FINAL JUDGMENT
AND PERMANENT INJUNCTION**



The plaintiffs, Expressions Hair Design, Linda Fiacco, The Brooklyn Farmacy & Soda

Fountain, Inc., Peter Freeman, Bunda Starr Corp., Donna Pabst, Five Points Academy, Steve

Milles, Patio.com LLC, and David Ross, and the defendants, Eric T. Schneiderman, in his

official capacity as Attorney General of the State of New York, Cyrus R. Vance, Jr., in his

official capacity as District Attorney of New York County, Charles J. Hynes, in his official

capacity as District Attorney of Kings County, and Gerald F. Mollen, in his official capacity as

District Attorney of Broome County, by their undersigned counsel, hereby agree and stipulate,

subject to Court approval, as follows:

Case 1:13-cv-03775-JSR   Document 64   Filed 10/25/13   Page 2 of 7

WHEREAS, the plaintiffs filed their complaint on June 4, 2013, claiming that New York General Business Law § 518 violates their First Amendment rights to free speech, is unconstitutionally vague in violation of their Fourteenth Amendment due process rights, and is preempted by the Sherman Antitrust Act;

WHEREAS, the plaintiffs filed a motion for a preliminary injunction on June 17, 2013, seeking an injunction prohibiting the attorney general from enforcing § 518 against them on the ground that it would violate their right to free speech under the First Amendment and would be unconstitutionally vague in violation of the Due Process Clause of the Fourteenth Amendment;

WHEREAS, the attorney general moved to dismiss the complaint on July 12, 2013;

WHEREAS, the plaintiffs filed a first amended complaint on July 15, 2013, adding as defendants district attorneys Vance, Hynes, and Mollen;

WHEREAS, the Court, on consent of the parties, deemed the attorney general's motion to dismiss to be directed against the first amended complaint on July 31, 2013;

WHEREAS, the district attorneys joined in the attorney general's motion to dismiss, as well as the attorney general's opposition to the plaintiffs' motion for a preliminary injunction, on August 7, 2013;

WHEREAS, the Court, on consent of the parties, deemed the plaintiffs' motion for a preliminary injunction to be directed not only against the attorney general, but also against the district attorneys;

WHEREAS, the Court, in an opinion and order dated October 3, 2013, granted the plaintiffs' motion for a preliminary injunction and denied the defendants' motion to dismiss;

Case 1:13-cv-03775-JSR   Document 64   Filed 10/25/13   Page 3 of 7

WHEREAS, the entry of final judgment on the plaintiffs' First Amendment and Fourteenth Amendment claims now will expedite appellate review of the District Court's determination as to the constitutionality of a state law and eliminate the need for further litigation;

NOW, THEREFORE, it is hereby stipulated and agreed that:

(a)     There is no just reason for delay of entry of a final judgment on the plaintiffs' First Amendment and Fourteenth Amendment claims pursuant to Rule 54(b). These constitutional claims present legal issues that are independent of the plaintiffs' antitrust preemption claim, which the Court concluded must be subjected to a fact-intensive rule of reason analysis. Moreover, the parties have a strong interest in expediting the litigation on the First and Fourteenth Amendment claims. Because the plaintiffs will not pursue their antitrust preemption claim if they prevail on their constitutional claims, an immediate appeal of these constitutional claims may avert further litigation on the antitrust claim, thereby avoiding the high costs of fact and expert discovery, motion practice, and potentially a trial. Entry of a final judgment on the First Amendment and Fourteenth Amendment claims therefore will be efficient and fair for the court and the parties.

Case 1:13-cv-03775-JSR   Document 64   Filed 10/25/13   Page 4 of 7

(b)    For the reasons given in the Court's October 3, 2013 opinion and order, the Court grants the following declaratory relief to the plaintiffs before the Court: The Court declares that New York General Business Law § 518 violates the First Amendment and is unconstitutionally vague in violation of the Due Process Clause of the Fourteenth Amendment;

(c)    For the reasons given in the Court's October 3, 2013 opinion and order, the Court permanently enjoins the defendants from enforcing New York General Business Law § 518 against the plaintiffs;

(d)    The defendants reserve their right to appeal this stipulated final judgment, declaration, and permanent injunction;

(e)    In light of the relief described above, the Court dismisses the plaintiffs' antitrust preemption claim as moot, without prejudice to the plaintiffs' right to revive that claim if this stipulated final judgment is reversed on appeal;

and

(f)    Pursuant to Federal Rule of Civil Procedure 54(d), a motion by any party for attorneys' fees, related nontaxable expenses, or costs shall be filed no later than 30 days after the expiration of the period for appeal or, in the event of an appeal, shall be filed within 30 days of the judgment of the court of appeals or the final judgment of this Court on remand, whichever is later.

STIPULATED AND AGREED BY:

Case 1:13-cv-03775-JSR   Document 64   Filed 10/25/13   Page 5 of 7

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York

By:


_____/S/_____

Andrew Meier
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
Tel:  (212) 416-6696
Fax:  (212) 416-8305
Garrett.Coyle@ag.ny.gov

*Attorneys for Defendant Schneiderman*


MICHAEL A. CARDOZO
Corporation Counsel

By:


_____/S/_____ _____

Sheryl Neufeld
Senior Counsel
100 Church Street
New York, New York 10007
Tel:  (212) 356-2207
Fax:  (212) 356-2019
sneufeld@law.nyc.gov

*Attorneys for Defendants Vance and Hynes*

Case 1:13-cv-03775-JSR   Document 64   Filed 10/25/13   Page 6 of 7

ROBERT G. BEHNKE
Broome County Attorney

By:

_____/S/_____
Robert G. Behnke
Broome County Attorney
Broome County Office Building, 6th floor
60 Hawley Street
Binghamton, New York 13902
Tel:  (607) 778-2117
Fax:  (607) 778-6122
rbehnke@co.broome.ny.us

*Attorneys for Defendant Mollen*


GUPTA BECK PLLC

By:

_____/S/_____
Deepak Gupta
1625 Massachusetts Avenue, NW
Suite 500
Washington, DC 20036
Tel: (202) 470-3826
Fax:  (202) 328-7030
deepak@guptabeck.com

*Attorneys for Plaintiffs*

IT IS ORDERED THAT:

      (a) This stipulated final judgment is hereby granted;

      (b) The judgment in favor of plaintiffs rendered by the Court in this stipulated final

          judgment shall be entered as a final judgment and the clerk is directed to enter such

          judgment immediately; and

Case 1:13-cv-03775-JSR   Document 64   Filed 10/25/13   Page 7 of 7

(c) It is expressly determined that there is no just reason for delay in this entry of a final

judgment on the plaintiffs' First Amendment and Fourteenth Amendment claims

pursuant to Rule 54(b). These constitutional claims present legal issues that are

independent of the plaintiffs' antitrust preemption claim, which is subject to a fact-

intensive rule of reason analysis. An immediate appeal of these constitutional claims

may avert further litigation on the antitrust preemption claim, thereby avoiding the

high costs of fact and expert discovery, motion practice, and potentially a trial. Entry

of a final judgment on the First Amendment and Fourteenth Amendment claims

therefore will be efficient and fair for the court and the parties.

Dated: New York, New York
_____ 11/4/ ___, 2013

_____
Jed S. Rakoff
United States District Judge

7